UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

A.M.,
    Petitioner,

v.

MICHAEL NESSINGER, et al.,
    Respondents.

C.A. No. 1:26-cv-00048-MSM-PAS

ORDER

Mary S. McElroy, United States District Judge.

    The petitioner is before the Court with a habeas petition because he has been detained by the Department of Homeland Security without being granted a bond hearing. The petitioner—who proceeds under the pseudonym A.M.—is a citizen of Afghanistan who, along with his family, were paroled into the United States in 2021 after being evacuated from Afghanistan by the United States Government. (ECF No. 1 ¶ 1.) The respondents argue that this case is different from the recent deluge of other petitions from detained individuals who have been denied their constitutional rights to bond hearings. For the following reasons, the Court GRANTS A.M.'s Emergency Petition for Writ of Habeas Corpus (ECF No. 1.)

    The primary distinction between this case and the majority of other recent mandatory-detention cases involves the circumstances under which A.M. was paroled into the United States and was subsequently denied permanent legal status. A.M.'s evacuation to the United States was facilitated through the Afghan Allies Protection

Act of 2009, Pub. L. 111-8, 123 Stat. 807 (2009), § 602(b)(2)(A)(ii)-(iii). (ECF No. 1 ¶ 1.) A.M. was granted a Special Immigrant Visa ("SIV") and paroled into the United States under 8 U.S.C. § 1182(d)(5). *Id.* ¶ 17–18. On October 4, 2023, he applied for lawful permanent resident status. (ECF No. 1 ¶ 20.) That application was denied on September 8, 2025, at which point his parole had expired. *Id* ¶ 17, 20. Immigration enforcement agents detained A.M. pursuant to a Form I-200 Warrant for Arrest of Alien on December 5, 2025. *Id.* ¶ 22.

On December 12, 2025, A.M. filed a petition for habeas corpus with the United States District Court for the District of Maine, arguing that he was being unlawfully detained without a bond hearing. *Id.* ¶ 24; *see A.M. v. Joyce, et al.*, 2:25-cv-00615-LEW, 2025 WL 3706922 (D. Me., Dec. 22, 2025). The Maine court denied A.M.'s petition and held that his detention fell under 8 U.S.C. § 1225(b)(2) because he "came to the United States in the context of a process that kept him in the status of an arriving alien seeking admission." *A.M. v. Joyce*, 2025 WL 3706922, at *4. While A.M.'s Maine petition was pending, he filed a motion for custody redetermination with the immigration court. (ECF No. 1 ¶ 25.) An immigration judge refused to accept jurisdiction over that petition, finding that A.M. was "an arriving alien and ineligible for bond." *Id.* After the Maine court's decision, the Government transferred A.M. into custody in Rhode Island. (ECF No. 10 at 2 n.4.) A.M. filed this petition on January 23, 2026. (ECF No. 1.)

The respondents argue at the outset that the Court should deny A.M.'s petition based on the "law-of-the-case" doctrine, which they contend requires the Court to

2

defer to the ruling in A.M.'s prior petition in Maine. (ECF No. 10 at 18.) This argument is unavailing. "The law-of-the-case doctrine establishes that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in *the same case.*'" *United States v. Robertson*, 162 F.4th 209, 233 (1st Cir. 2025) (quoting *United States v. Moran*, 393 F.3d 1, 7 (1st Cir. 2004)) (emphasis added). "Federal courts routinely apply law-of-the-case principles to transfer decisions of coordinate courts." *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 816 (1988).

But this case, notwithstanding its similarities to A.M.'s previous petition, is not "the same case" as the Maine case. While the respondents suggest that A.M.'s petition is "a case [that] has been effectively transferred from one judicial district to another," (ECF No. 10 at 19), this obfuscates the fact that, as Defendants themselves acknowledge, this case is "the *second* habeas petition" that A.M. has filed. *See id.* at 7 (emphasis added). The respondents present no authority suggesting that the filing of a fundamentally similar but separate lawsuit in a second judicial district implicates the law-of-the-case doctrine, and—as they also make no other argument that the Court is bound by the decision in A.M.'s prior petition—the Court conducts its own analysis of the merits of A.M.'s present petition.

Based on that analysis, the Court finds that A.M. is entitled to a bond hearing under 8 U.S.C. § 1226. While the respondents argue that, because A.M. was paroled into the United States under 8 U.S.C. § 1182(d)(5)(A), this case is distinct from other recent immigration cases where the Government has construed 8 U.S.C. § 1225(b)(2)

as authorizing mandatory detention of detained individuals wherever they are apprehended, the Court agrees with those courts that have rejected this argument under similar circumstances. *See, e.g.*, *Walizada v. Trump*, No. 2:25-CV-00768, 2025 WL 3551972, at *18 (D. Vt. Dec. 11, 2025) (rejecting this argument as applied to another parolee from Afghanistan who was detained for three months); *Rincon v. Hyde*, No. CV 25-12633-BEM, 2025 WL 3122784, at *4 (D. Mass. Nov. 7, 2025) (granting bond hearing to individual who lived in the United States for four years before expiration of the individual's parole); *see generally Tejada Polanco v. Hyde*, No. 25-CV-552-JJM-AEM, 2025 WL 3033926, at *2 (D.R.I. Oct. 30, 2025) (collecting cases rejecting the Government's attempts to impose mandatory detention under 8 U.S.C. § 1225(b) on individuals who have been living in the United States for extended periods of time).[1]

Finally, the respondents argue that A.M. "already has had a bond hearing, which he may appeal." (ECF No. 10 at 20.) This is, at best, misleading. The immigration judge who heard A.M.'s request for bond categorically denied that request because the judge determined that A.M. "is an arriving alien and ineligible for bond." (ECF No. 1-2 at 1.) A categorical denial of bond based on the

---

[1] Further supporting the Court's finding that A.M. is detained under 8 U.S.C. § 1226(a) is the fact that he was arrested pursuant to an immigration warrant. 8 U.S.C. § 1226(a) expressly authorizes arrest and detention of individuals "[o]n a warrant issued by the Attorney General." Interpreting 8 U.S.C. § 1225(b)(2) as somehow superseding §1226(a) to permit mandatory detention would supervene congressional intent as expressed through the statutory text and would render multiple provisions of the relevant statutory framework superfluous. *See Gomez v. Hyde*, 804 F. Supp. 3d 265, 273–76 (D. Mass. 2025).

administration's new interpretation of the relevant statutory framework does not constitute a constitutionally satisfactory bond hearing.

As such, for the foregoing reasons, the Court GRANTS A.M.'s Emergency Petition for Writ of Habeas Corpus (ECF No. 1). The respondents are ORDERED to provide A.M. an individualized bond hearing before an immigration judge under 8 U.S.C. § 1226(a) within thirty days of the date of this order. The respondents are to provide A.M. and his attorney with notice of the date, time, and place of the bond hearing. The Court further ORDERS the respondents to release A.M. immediately pending the bond hearing. The respondents shall set minimal release conditions that will reasonably assure his appearance at the bond hearing. Finally, the Court ORDERS the respondents to file a status report within five days of A.M.'s bond hearing, stating whether he has been granted bond and, if his request for bond was denied, the reason for that denial.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

February 25, 2026

5